IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA           *

       vs.                          *   CRIMINAL NO. MJG-11-0428
                                            (Civil No. MJG-16-2731)

CHERYL STERRETTE                   *

*     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER

The Court has before it the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside Sentence in Light of Retroactive Effect of the Clarifying Amendment (794) [Document 444] filed by Defendant Sterrette ("Petitioner") and the materials filed relating thereto.  The Court finds that a hearing is unnecessary.

On February 19, 2014, Petitioner was convicted on a plea of guilty to conspiracy to commit bank fraud and aggravated identity theft.  On May 16, 2014, the Court imposed the sentence of 12 months on the conspiracy charge and a consecutive mandatory 24 months on the aggravated identity theft charge.

By the instant Motion, filed July 29, 2016, pursuant to 28 U.S.C. § 2255, Petitioner seeks to have her sentence reduced. Petitioner asserts that she was wrongly denied consideration of a Guideline Offense Level adjustment for her minor role in the conspiracy offense.  However, 28 U.S.C. § 2255 provides for a

one-year period of limitations for filing motions to vacate a sentence with exceptions not here relevant.

Petitioner was, in fact, given a four Offense Level adjustment in determining her Guideline Sentencing range for the conspiracy charge.  Thus, her range was determined on the bases of offence Level 9 with Criminal History Category IV, a range of 12 to 18 months.  She was sentenced at the low end of the range.

The Court must also note that the instant motion was filed late.  28 U.S.C. § 2255 provides for a one-year period of limitations for filing motions to vacate a sentence with exceptions not here relevant.  The one-year filing period runs from the date that the judgment of conviction became final.  28 U.S.C. § 2255(1).  In United States v. Dorsey, 988 F. Supp. 917, 918 (D. Md. 1998), Judge Legg of this Court held that a judgment becomes final for this purpose on the date that a petitioner can no longer pursue a direct appeal.  Accord Clay v. United States, 537 U.S. 522, 525 (2003).

Petitioner's sentence was imposed on May 16, 2014, and Judgment was entered June 4, 2014.  The last day on which Petitioner could have timely filed a Notice of Appeal was on or about June 18, 2014.  The instant motion, filed July 29, 2016, was filed more than two years late.

For the foregoing reasons:

1. The Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside Sentence in Light of Retroactive Effect of the Clarifying Amendment (794) [Document 444] is DENIED.

2. The civil case shall be dismissed with prejudice.

3. Judgment shall be entered by separate Order.

SO ORDERED, this Tuesday, January 3, 2017.

                              /s/
                       Marvin J. Garbis
                  United States District Judge